IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELOY VENZOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-19-319-D |
| ) | |
| WARDEN, F.C.I., EL RENO, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 19] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 be either dismissed for failure to exhaust administrative remedies or denied because Petitioner is not entitled to the relief he seeks. Petitioner has filed a timely written objection [Doc. No. 20]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a federal prisoner who appears *pro se*, seeks habeas relief under § 2241 regarding the administration by Bureau of Prisons ("BOP") of two concurrent federal prison sentences. Specifically, Petitioner seeks a determination that he has fully served and discharged an 18-month federal prison sentence imposed March 3, 2017, and amended April 3, 2017 (Case No. 5:17-CR-008-01-C in the Northern District of Texas), and that he

is currently serving a concurrent 96-month federal sentence imposed February 24, 2017, in a separate case (Case No. 5:16-CR-061-01-C in the Northern District of Texas).[1] The determination would not result in Petitioner's release, but it could affect his ability to benefit from certain BOP programs, such as the early release program available to inmates who complete the Residential Drug Abuse Program or RDAP. In the Report, Judge Purcell finds that the common law requirement to exhaust administrative remedies applies and that Respondent's Motion to Dismiss [Doc. No. 13] should be granted. Alternatively, Judge Purcell finds that the relief Petitioner seeks (a determination that he has discharged the 18-month sentence) is not available because federal law requires the aggregation for administrative purposes of multiple terms of imprisonment that are ordered to run concurrently or consecutively. *See* 18 U.S.C. § 3584(c).

Petitioner objects only to the latter finding. Regarding exhaustion, Petitioner expressly admits – as he did when opposing Respondent's Motion to Dismiss – that he has not exhausted administrative remedies. *See* Obj. at 1-2 (repeating almost verbatim his Resp. Br. [Doc. No. 16] at 1-3). Liberally construing Petitioner's arguments, he asserts that exhaustion should not be required because he is not seeking the traditional habeas remedy of speedier release from confinement; in fact, he only filed a § 2241 petition after

---

[1] Although Petitioner emphasizes that the two criminal cases are unrelated, the 18-month sentence was imposed upon revocation of a term of supervised release that Petitioner was serving in an earlier case (No. 2:03-CR-087-J) for violating the condition that he not commit another crime, which he did by pleading guilty to the offense charged in Case No. 5:16-CR-061-C. *See* Case No. 5:17-cr-008-C, Mot. Revoke Supervised Release, 3/3/17 Order (granting motion).

being directed to do so by the presiding judge.[2] Instead, Petitioner emphasizes that he seeks only a judicial resolution of the question of whether BOP is correctly administering his sentences by applying 18 U.S.C. § 3584(c) to aggregate them and treating his 18-month sentence as "current," even though it has been fully served; BOP's alleged misapplication of the statute causes the offenses of conviction in Petitioner's earlier case (one of which involved a firearm) to affect his eligibility for certain programs and possible benefits that are available to federal inmates without such "current" convictions. *See* Obj. at 2.[3]

Upon careful review of Petitioner's objection, independent examination of the case record, and *de novo* consideration of the issues, the Court concurs in Judge Purcell's administrative exhaustion analysis. The Court finds that the relief Petitioner seeks – judicial resolution of a challenge to BOP's administration of his concurrent federal sentences – is available, if at all, under § 2241. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where

---

[2] Petitioner initiated this action by filing a "Petition for Judicial Relief" in the sentencing court, which opened a civil case as *Venzor v. Bureau of Prisons*, No. 5:19-CV-0049-C (N.D. Tex.). The presiding judge construed the filing as a § 2241 petition and directed Petitioner to pay the $5 filing fee and to file an amended petition using a form provided by the clerk. After Petitioner complied, the action was transferred to this judicial district, where Petitioner is confined.

[3] Similarly, in opposition to Respondent's Motion, Petitioner phrased his claim to be "that the BOP record does not accurately reflect the judge's sentencing order, therefore denying Petitioner the opportunity to seek relief whether through the RDAP program or any future programs or laws including the First Step Act." *See* Resp. Br. at 5 (emphasis in original). He stated that he seeks a judicial resolution of the issue of "whether statute 18 U.S.C. § 3584(c) for aggregating multiple sentences, overrides a federal judge's sentencing order by extending a much lesser sentence to the full term of the greater sentence." *Id*. at 6. "Petitioner argues that the BOP's broad and liberal use/interpretation of statute 18 U.S.C. § 3584(c) is misapplied," and "that two unrelated sentences with greatly differing lengths should be aggregated only until the lesser sentence is fully served." *Id*.

3

the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A § 2241 petition is a proper means to challenge BOP's administration of aggregate sentences. *See, e.g.*, *Manni v. English*, 727 F. App'x 530, 532 (10th Cir. 2018) (unpublished); *Deutsch v. Gallegos*, 141 F. App'x 745, 746-47 (10th Cir. 2005) (unpublished).[4]

The Court further finds that because it plainly appears, and in fact Petitioner fully admits, he has not exhausted administrative remedies, the Petition should be dismissed. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although . . . the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Although there may be narrow exceptions to the exhaustion requirement, none are implicated here. *See id*. at 1203-04. Therefore, the proper disposition of this matter is the "dismissal of Petitioner's § 2241 habeas petition without prejudice." *See Brown v. Wands*, 463 F. App'x 806, 808 (10th Cir. 2012) (unpublished). Accordingly, the Court does not reach the merits of Petitioner's claim.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 19] is ADOPTED in part, as set forth herein. Respondent's Motion to Dismiss [Doc. No. 13] is GRANTED in part, and the Amended Petition for Writ of Habeas Corpus

---

[4] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Pursuant to 28 U.S.C. § 2241 [Doc. No. 5] is DISMISSED without prejudice for lack of administrative exhaustion. Judgment shall be entered accordingly.[5]

**IT IS SO ORDERED** this 19th day of July, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. However, "a federal prisoner . . . does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Thus, the Court need not consider a COA in this case.